1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8               NORTHERN DISTRICT OF CALIFORNIA

9

10                                              No. C 15-0654 NC (PR)

MARCEL PERRY,

11                    Petitioner,              **ORDER TO SHOW CAUSE**

12              v.

13

CLARK DUCART,

14                    Respondent.

15

16  _____/

17                        **INTRODUCTION**

18          Marcel Perry, a California state prisoner, filed a pro se petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254 challenging his convictions from Alameda County Superior Court.[1]

20  Petitioner has paid the filing fee.  His petition is now before the Court for review pursuant to 28

21  U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.  For the reasons stated below,

22  the Court orders Respondent to show cause why the petition should not be granted.

23                        **BACKGROUND**

24          In 2010, Petitioner was convicted by a jury of murder and related offenses.  In 2013, the

25  California Court of Appeal affirmed, and the California Supreme Court denied review.  The instant

26  action was filed on February 11, 2015.

27                        **DISCUSSION**

28  _____

          [1]   Petitioner has consented to magistrate judge jurisdiction.
(Docket No. 3.)

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

## A.    Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## B.    Legal Claims

As grounds for federal habeas relief, Petitioner claims:  (1) the prosecutor unfairly excluded jurors based on race, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), and (2) the prosecutor committed misconduct during closing argument, and the trial court failed to issue a curative instruction.  Liberally construed, these claims are sufficient to warrant an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1.  The Clerk of the Court is directed to serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  Respondent shall file his Magistrate Judge jurisdiction consent form no later than **thirty (30)** days from the filing date of this Order.

2.  Respondent is directed to file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent must file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

United States District Court
For the Northern District of California

1      If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the

2  Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3      3.   Respondent may file, within **ninety (90)** days, a motion to dismiss on procedural grounds

4  in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing

5  Section 2254 Cases.  If Respondent files such a motion, Petitioner must file with the Court and serve

6  on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the

7  date the motion is filed, and Respondent must file with the Court and serve on Petitioner a reply

8  within **fourteen (14)** days of the date any opposition is filed.

9      4.   Petitioner is reminded that all communications with the Court must be served on

10  Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep

11  the Court informed of any change of address and must comply with the Court's orders in a timely

12  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

13  to Federal Rule of Civil Procedure 41(b).

14      IT IS SO ORDERED.

15  DATED:  _____May 19, 2015_____

16  NATHANAEL M. COUSINS
United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28